UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILLIAN PEST CONTROL, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> HOMETEAM PEST DEFENSE, INC., et al., <br><br>    Defendants. | Case No. 14-cv-05239-VC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 29 |

The motion to dismiss the First Amended Complaint is granted with leave to amend.

"In order to state a valid claim under the Sherman Act, a plaintiff must allege that the defendant has market power within a 'relevant market.' That is, the plaintiff must allege both that a 'relevant market' exists and that the defendant has power within that market." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1044 (9th Cir. 2008). The "relevant market" has two components, "a relevant product market and a relevant geographic market." *Sidibe v. Sutter Health*, 4 F. Supp. 3d 1160, 1174 (N.D. Cal. 2013). "The process of defining the relevant market is a factual inquiry for the jury." *High Tech. Careers v. San Jose Mercury News*, 996 F.2d 987, 990 (9th Cir. 1993). However, "a complaint may be dismissed under Rule 12(b)(6) if the complaint's 'relevant market' definition is facially unsustainable." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1045 (9th Cir. 2008).

Killian has adequately pled relevant product markets—the markets for installation and servicing of tube-in-the-wall pest control systems. HomeTeam contends that the product market must include other forms of pest control, but "in some instances one brand of a product can constitute a separate market," *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 482 (1992), and it's reasonable to infer from the allegations in the complaint that tube-in-the-wall pest control systems are quite distinct, such that they form a separate market from the market for other forms of pest control. *See, e.g.*, *RealPage, Inc. v. Yardi Sys., Inc.*, 852 F. Supp. 2d 1215, 1225 (C.D. Cal. 2012) (allegation that particular cloud computing services were distinct from

1    "generic" cloud computing services); *TYR Sport Inc. v. Warnaco Swimwear Inc.*, 679 F. Supp. 2d

2    1120, 1129 (C.D. Cal. 2009) (allegation that "high-end competitive swimwear" was distinct from

3    other types of swimwear).

4        Killian has not, however, adequately defined the relevant geographic market. The

5    complaint alleges that HomeTeam installs tube-in-the-wall systems in a number of states across

6    the nation, "including the states of California, Arizona, Florida, Georgia, Maryland, Missouri,

7    Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Virginia, and West

8    Virginia." But the complaint provides no details about whether customers in states other than the

9    ones listed—or even whether customers throughout each of the listed states—"can practicably

10   turn" to HomeTeam for installation of tube-in-the-wall systems. *See Tampa Elec. Co. v. Nashville

11   Coal Co.*, 365 U.S. 320, 327 (1961).

12       The complaint further alleges that HomeTeam's website is "available nationwide," but

13   obviously the mere fact that people all over the country (and presumably the world) can access

14   HomeTeam's website has no bearing on where HomeTeam's system is actually available to

15   customers. And the complaint alleges that "HomeTeam engages in national planning of the

16   installation of tube-in-the-wall systems," but without a better understanding of where the systems

17   are actually available, an allegation of national planning is not enough. *Compare United States v.

18   Grinnell Corp.*, 384 U.S. 563, 575 (1966).

19       Overall, Killian's "definition of the relevant geographic market [for installation of tube-in-

20   the-wall systems] is vague and conclusory." *See Orchard Supply Hardware LLC v. Home Depot

21   USA, Inc.*, 939 F. Supp. 2d 1002, 1010 (N.D. Cal. 2013).

22       Similarly, in describing the geographic market for servicing tube-in-the-wall systems, the

23   complaint alleges that "HomeTeam[] services tube-in-the-wall systems nationwide, including at

24   least the states of California, Arizona, Florida, Georgia, Maryland, Missouri, Nevada, New

25   Mexico, North Carolina, South Carolina, Tennessee, Texas, Virginia, and West Virginia." It also

26   alleges that HomeTeam's "customers are located in every state in which HomeTeam operates,

27   including California, Arizona, Florida, Georgia, Maryland, Missouri, Nevada, New Mexico, North

28   Carolina, South Carolina, Tennessee, Texas, Virginia, and West Virginia." These allegations are

vague, but they seem to work against Killian by implicitly acknowledging that HomeTeam does not in fact operate throughout the United States.  Thus, the complaint does not plead sufficient facts to plausibly allege that HomeTeam's "area of effective competition" in the tube-in-the-wall servicing market is nationwide.

The FAC alternatively alleges "geographic markets for the servicing of tube-in-the-wall systems . . . correspond[ing] to the areas of service for the individual offices providers [*sic*] of such servicing."  But the complaint doesn't say anything specific about the "areas of service" for "individual offices."  And it provides no details about the competitive structure—the alternative sources of supply or lack thereof—in these individual local markets.  "Information about the reach of th[ese] market[s] is not exclusively within the Defendants' possession.  Plaintiff should plead the geographic range of the relevant market[s] with greater specificity."  *Orchard Supply*, 939 F. Supp. 2d at 1010 (N.D. Cal. 2013).

Because the federal claims must be dismissed for failure to adequately plead the relevant geographic market, the Court does not reach HomeTeam's remaining objections to the federal claims (except for HomeTeam's arguments pertaining to the product market, which have been rejected).  However, the hearing on the motion to dismiss, as well as HomeTeam's briefs, have put Killian on notice of other potential defects, and the Court assumes that the next version of the complaint will represent Killian's best and last shot to state a claim.  In addition, because it is highly likely Killian can state an antitrust claim with respect to the market for servicing tube-in-the-wall systems, and because this case has already languished for quite some time, discovery may proceed on Killian's claims relating to the servicing market immediately upon the filing of an amended complaint.  The discovery stay remains in place, however, for Killian's claims relating to the installation market.

Killian's state-law antitrust claims are dismissed for the same reasons as his Sherman Act claims.  *See Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001) ("The analysis under California's antitrust law mirrors the analysis under federal law because the Cartwright Act was modeled after the Sherman Act." (citation omitted)).

1   Killian's claims under California's Unfair Practices Act are also dismissed. The First
2   Amended Complaint alleges that HomeTeam charges builders $75 to install the tube-in-the-wall
3   system, and alleges that this price is below HomeTeam's cost. But this is not enough to state a
4   claim. "To satisfy the requirements of section 17043, a plaintiff must allege, in other than
5   conclusionary terms, the defendant's sales price, costs in the product, and cost of doing business."
6   *Fisherman's Wharf Bay Cruise Corp. v. Superior Court*, 7 Cal. Rptr. 3d 628, 639 (Ct. App. 2003).

7   Finally, Killian acknowledges that his claims under California's Unfair Competition Law
8   rise and fall with the success of his other claims. *See* Docket No. 32, p. 13. Because the Court
9   grants HomeTeam's motion to dismiss each of these other claims, Killian's UCL claim is likewise
10  dismissed.

11  Accordingly, HomeTeam's motion to dismiss is granted with respect to each claim, with
12  leave to amend. Any amended complaint must be filed within 21 days of the date of this order, or
13  the dismissal shall be with prejudice.

**IT IS SO ORDERED.**

Dated: June 16, 2015

_____
VINCE CHHABRIA
United States District Judge